UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| CARLENE FEARN | ) | |
| | ) | |
| v. | ) | 1:09-cv-311/1:03-cr-91 |
| | ) | *Judge R. Allan Edgar* |
| UNITED STATES OF AMERICA | ) | |

**MEMORANDUM**

Carlene Fearn ("Fearn"), a federal inmate, brings this *pro se* motion for post-conviction relief from her 2004 federal criminal conviction pursuant to 28 U.S.C. § 2255 (Criminal Court File No. 213).[1] Although somewhat difficult to decipher, the Court discerns Fearn is asserting that the United States Supreme Court's decision in *Spears v. United States*, ___ U.S. ___, 129 S.Ct. 840 (2009) requires a reduction in her sentence (Criminal Court File No. 120). Upon review of the record, the Court concludes that the motion must be dismissed without an evidentiary hearing because it plainly appears from the face of the motion and the prior criminal proceedings that the motion is time-barred.

**I.     Background**

On April 8, 2003, a federal grand jury returned a nine-count indictment against Fearn and five co-defendants for their involvement in a crack cocaine distribution ring. Fearn pleaded guilty to conspiracy to possess and distribute more than 50 grams of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A)(Criminal Court File No. 134). Fearn was sentenced to 121 months imprisonment in the custody of the United

---

[1]     Citations to docket entries will refer to the criminal court case file. All filings in this § 2255 proceeding shall be filed in the criminal court case file (1:03-cr-91).

1

States Bureau of Prisons (Criminal Court File No. 134). Fearn did not pursue a direct appeal but she subsequently filed a motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the retroactive application Amendments 706 and 711 to the United States Sentencing Guidelines (Criminal Court File No 195). The motion was

granted to the extent Fearn's sentence was reduced to 120 months, the ten-year statutory mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A).

## II.　Statute of Limitations

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), there is a one-year statute of limitation for filing a § 2255 motion. *See* 28 U.S.C. § 2255. Fearn was sentenced to a term of imprisonment for 121 months on October 25, 2004 (Criminal Court File No. 134). Fearn's judgment was signed on November 2, 2004, and filed on November 4, 2004 (Criminal Court File No. 134). Fearn did not pursue a direct appeal.

"For purposes of the limitations period of § 2255, 'a conviction becomes final at the conclusion of direct review.'" *Brown v. United States*, 20 Fed. Appx. 373 (6th Cir. 2001) (unpublished table decision), *available in* 2001 WL 1136000, (*quoting Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001)). If the defendant does not take a direct appeal, the judgment of conviction is final upon the date on which the time for filing an appeal expired. *United States v. Cottage*, 307 F.3d 494, 499 (6th Cir. 2002). Thus, Fearn's conviction was final on November 18, 2004, after the ten-day appeal period had expired. Because her § 2255 motion was filed more

than one year later, it is time-barred.

Fearn was sentenced on October 25, 2004, and her judgment was entered on November 4, 2004. Fearn did not file an appeal. Therefore, her conviction became final on November 18, 2004, after the ten-day appeal period had expired. The statute of limitations began to run on that date and

one year from the date her judgment of conviction became final was November 18, 2005. That date is the last date on which a timely § 2255 petition could have been filed by Fearn.

A motion filed by a prisoner is deemed filed when given to the prison authorities for mailing. *In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997), *citing Houston v. Lack,* 487 U.S. 266, 270-71 (1988); *See* Rule 4(c) Fed. R. App. Proc. Fearn's § 2255 motion does not indicate it was delivered to prison authorities. However, giving her the benefit of the doubt and using the date she indicated as the date she submitted the motion, the Court will use November 16, 2009, as the date the motion was filed.

Using the date of November 18, 2004, as the starting point for determining when Fearn's judgment became final and the statute of limitations began to run, Fearn's motion is untimely as the one year statute of limitations under § 2255 expired on November 18, 2005, approximately four years before Fearn filed her § 2255 motion. Since Fearn's § 2255 motion was filed on November 16, 2009, it is untimely and will be **DENIED** (Criminal Court File No. 213).

**III.** *Later Date for Commencement of One-Year Statute of Limitations Inapplicable*

The Court presumes Fearn is implicitly asserting a later date for the commencement of the one-year statute of limitation period applies, as a result of her reliance upon the United States

3

Supreme Court's decision in *Spears v. United States*, ___ U.S. ___, 129 S.Ct. 840 (Jan. 21, 2009), which addressed the authority District Court's have to replace the United States Sentencing Guidelines' ("USSG") 100:1 ratio for crack/powder cocaine offenses with its own ratio.

The one-year limitation period commences on the latest of one of the four dates set forth in § 2255(f). As discussed above, normally the date would be the date the movant's judgement became final. § 2255(f)(1). However, the statute of limitations may also commence from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]" 28 U.S.C. § 2255(f)(3). Presumably, Fearn implicitly contends this date applies based on the Supreme Court's January 21, 2009, decision in *Spears*. Section 2255(f)(3) is inapplicable because the United States Supreme Court has not held *Spears* constitutes both a new rule and a rule retroactively applicable to cases on collateral review. *Tyler v. Cain*, 533 U.S. 656, 663 (2001) ("[A] new rule is not 'made retroactive to cases on collateral' review unless the Supreme Court holds it to be retroactive").

The *Spears* decision does not create a new and retroactive constitutional right for criminal defendants; thus it does not bring Fearn's case under § 2255(f)(3). The *Spears* decision merely clarified the Supreme Court's previous holding in *Kimbrough v. United States*, 552 U.S. 85 (2007) and recognized district courts have the discretion "to reject and vary categorically from the crack-cocaine Guidelines based on a policy disagreement with those Guidelines." *Spears v. United States*, 129 S.Ct. at 844. The Supreme Court specifically upheld a district court's decision adopting a 20:1 ratio between crack and powder cocaine. *Id.* *Spears* does not, however, require district courts to vary from the crack-cocaine guidelines. Moreover, the *Spears* case was on direct appeal and applies

4

to cases that were on direct appeal at the time and cases before courts for sentencing; it did not contemplated retroactive application on collateral review. Indeed, the Court's research did not reveal any case applying *Spears* retroactively to cases which are, like Fearn, before the Court on collateral review.

And finally, *Spears* did not authorize modifications to the statutory mandatory minimum sentence for crack cocaine offense, such as 21 U.S.C. § 841(b)(1)(A), under which Fearn is sentenced. Where a statutory mandatory minimum sentence exceeds the applicable guidelines range, the Court must set the guidelines sentence at the statutorily required minimum sentence . *See* USSG § 5G1.1(b). Thus, Fearn's sentence has been reduced to its lowest permissible level (120 months, the statutory mandatory minimum).

In summary, to the extent Fearn argues her petition is timely under § 2255(f)(3) because the Supreme Court recently reaffirmed *Kimbrough* in *Spears v. United States*, her argument is unavailing. Under § 2255(f)(3), the statute of limitations starts only upon the initial recognition of a right, not upon a case reaffirming that right. In addition § 2255(f)(3) also requires that the newly recognized right must be made retroactively applicable to cases on collateral review. *Spears* was reaffirming *Kimbrough*, not recognizing a new right, and it has not been made retroactively applicable to cases on collateral review. Accordingly, because § 2255(f)(3) is not applicable to Fearn's § 2255 motion, her motion must be **DENIED** as time-barred (Criminal Court File No. 213).

### III. Conclusion

Fearn is not entitled to relief under § 2255 and her motion to vacate, set aside, or correct her sentence will be **DENIED** (Criminal Court File No. 213). This action will be **DISMISSED**.

An appropriate judgment order will enter **DENYING** Fearn's § 2255 motion.

/s/ R. Allan Edgar
R. ALLAN EDGAR
UNITED STATES DISTRICT JUDGE