UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| CARLENE FEARN | ) | |
| | ) | |
| v. | ) | 1:11-cv-202 \ 1:03-cr-91 |
| | ) | *Chief Judge Curtis L. Collier* |
| UNITED STATES OF AMERICA | ) | |

## **M E M O R A N D U M**

The Court has received a second or successive motion to vacate, set aside, or correct sentence filed under 28 U.S.C. § 2255 from Carlene Fearn ("Fearn") (Criminal Court File No. 225).[1] Fearn challenges her 2004 conviction for conspiracy to possess and distribute more than 50 grams of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A). Following her conviction, Fearn did not pursue a direct appeal but she subsequently filed a motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the retroactive Amendments 706 and 711 to the United States Sentencing Guidelines (Criminal Court File No. 195). The motion was granted to the extent Fearn's sentence was reduced to 120 months, the ten-year statutory mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A) (Criminal Court File No. 203). Thereafter, Fearn filed a tardy motion pursuant to 28 U.S.C. § 2255. *See United States v. Fearn*, Civil Action No. 1:09-cv-311/1:03-cr-91 (E.D. Tenn.2010). The civil docket sheet reflects that the Court dismissed Fearn's § 2255 motion because it was time-barred (Criminal Court File Nos. 215, 216). A few days after her § 2255 motion was denied as time-barred, Fearn filed a motion to reduce sentence (Criminal Court File No. 217) which was denied (Criminal Court File No. 218).

---

[1] All filings in this § 2255 proceeding shall be filed in the underlying criminal case file.

Now, approximately a year later, Fearn has filed a second § 2255 motion. *See Fearn v. United States*, Civil Action No. 1:11-cv-202 (E.D. Tenn. 2011). In accordance with the "Antiterrorism and Effective Death Penalty Act of 1996," effective April 24, 1996, Fearn cannot file a second or successive § 2255 motion in this Court until she has moved in the United States Court of Appeals for the Sixth Circuit for an order authorizing the district court to consider the motion. This Court has not received an order from the Sixth Circuit authorizing the Court to consider the pending motion.

Accordingly, since the Sixth Circuit has directed District Courts to transfer second or successive § 2255 motions when they are filed without § 2244(b)(3) authorization from the Sixth Circuit, the Clerk will be **DIRECTED** to **TRANSFER** this action to the United States Court of Appeals for the Sixth Circuit, pursuant to 28 U.S.C. § 1631. *See Sims v. Terbush,* 111 F.3d 45, 47 (6th Cir. 1997).

A separate order will enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**